PEOPLE EX REL. CITY OF DETROIT v. FORT STREET & ELM-
WOOD RAILWAY COMPANY.

*Construction of charter—Paving street railway track.*

The requirement in the charter of a street railway company that it
should "keep the surface of the street inside the rails and for
two feet four inches outside thereof in good order and repair"
was *construed* to mean the full width of 2 feet 4 inches on
each side of the track.

A city is not bound by official neglect in enforcing its ordinances.

MANDAMUS to compel respondent to pave its share of
the street. Application submitted July 1. Granted
July 2.

*F. A. Baker* and *W. C. Maybury* for the writ.

*M. Firnane* and *G. V. N. Lothrop* against.

PER CURIAM. The application was made for the pur-
pose of obtaining a construction of the charter of the
company, and no question was raised as to the form of
the remedy.

By the ordinance accepted by respondents, which
stands as their charter, they are required to keep in
repair so much of the streets as lie within their rails,
and two feet four inches outside. The language used to
define the extent is as follows: "The grantees and
their assigns shall be required to keep the surface of the
streets inside the rails, and for two feet four inches out-
side thereof, in good order and repair," etc.

A dispute has arisen whether this two feet four
inches means a space that wide on each side of the
track, or whether it means that the whole space which
the company must keep in order includes no more than
two feet four inches in the aggregate, or one foot and
two inches on each side of the track, should the amount
be equally apportioned.

To sustain the claim of respondents for the less

amount it is shown that the officials having oversight of the streets have not required them to pave outside of the rails at all. This certainly cannot be taken as a construction of the definition of the extent of their obligation outside of their track. It could not bind the city in any event, and only shows a neglect of official duty whereby respondents have been able to profit at the expense of others.

We think the language of the ordinance can only be made sensible by construing it as compelling the company to care for so much of the street as lies within two feet and four inches of their track, wherever it may be, and on each side to the full distance. If two feet and four inches space is all that is to be paved, and is to be distributed on both sides, it cannot be determined from the ordinance how much is to be put one side and how much on the other. In case of a double track, there would be a narrow space in the middle, isolated from the rest of the street and very awkward to reach, which the company would not be obliged to pave at all, and the expense of which must fall elsewhere. There are many considerations of inconvenience and uncertainty arising out of the construction claimed by the company. It is not easy to make the meaning of such a provision much clearer by argument, but it seems to us the natural meaning extends the liability to the whole space which lies anywhere outside of and within two feet and four inches of the track. The special provision referred to as fixing the space to be paved on Croghan street expressly as the same extent on either side of the track, appears to us as a recognition of the meaning of the general requirement of the ordinance, and not an exceptional rule for that street. There is no reason why a difference should be made between Croghan street and other streets. We think the language used concerning that particular street is no more than a fuller statement of the same idea naturally conveyed by the language of the ordinance in dispute.

Mandamus granted.